**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | 3:19-CR-0159 |
| JOHN DAVID GOLOM, | (MARIANI, J.) |
| | (MEHALCHICK, M.J.) |
| Defendant | |

**MEMORANDUM**

This matter comes before the Court on Defendant's Motion for Presentence Release. (Doc. 49). Defendant, John David Golom, moves this Court for emergency release from custody pending sentencing pursuant to 18 U.S.C. § 3145(c), and pursuant to 18 U.S.C. § 3142(i), as the COVID-19 pandemic is a "changed circumstance" warranting release. Golom also submits that his continued detention violates his Eighth Amendment rights. The Government opposes the motion. (Doc. 55).

**I.   BACKGROUND AND PROCEDURAL HISTORY**

On April 10, 2018, John Golom was charged by Indictment with multiple counts of sex trafficking by force, fraud, and coercion, and interstate transportation for commercial sex purposes. (Dkt. No. 3:18-CR-123). That Indictment was dismissed on a speedy trial motion, and the charges were refiled by Criminal Complaint, and then by Indictment. (Doc. 1). On September 26, 2019, the government filed a Superseding Information charging one count of Sex Trafficking by Force and Coercion in violation of 18 U.S.C. §§ 1594(c) and 1591(b)(1). (Doc. 33). On September 30, 2019, Golom entered a plea of guilty to an Amended Superseding Information, charging Conspiracy to Commit Sex Trafficking by Force, Fraud, and Coercion, in violation of Title 18, United States Code, Sections 1594(c) and 1591(b)(1). (Doc. 34; Doc. 39; Doc. 40). Golom was remanded to custody in advance of sentencing; a

sentencing date has not yet been set. Golom is detained at the Pike County Correctional Facility.

Counsel for Golom filed a Notice with the Court on April 14, 2020, indicating that the parties were unable to come to an agreement regarding Golom's release from detention, and indicating that neither party believes a hearing is necessary on the motion. (Doc. 51).

**II.   DISCUSSION**

   **A.   THE COVID-19 PANDEMIC**

On March 11, 2020, the World Health Organization declared the novel coronavirus known as COVID-19 a pandemic.[1] The COVID-19 outbreak caused the President of the United States to declare a national emergency and the Governor of the Commonwealth of Pennsylvania to declare a state of emergency.[2] As of the date of this writing, there are 3,917,366 confirmed cases worldwide and 274,361 deaths; in the United States, there are 1,245,775 confirmed cases and 75,364 deaths.[3] Mindful of the incredible magnitude of this

---

[1] *See* Tedros Adhanom Ghebreyesus, Director-General, World Health Organization, Opening Remarks at the Media Briefing on COVID-19 (March 11, 2020) (transcript available at https://www.who.int/dg/speeches/detail/who-director-general-s-opening-remarks-at-the-media-briefing-on-covid-19---11-march-2020).

[2] *See* President Donald J. Trump's Proclamation on Declaring a National Emergency Concerning the Novel Coronavirus Disease (COVID-19) Outbreak (March 13, 2020), *available at* https://www.whitehouse.gov/presidential-actions/proclamation-declaring-national-emergency-concerning-novel-coronavirus-disease-covid-19-outbreak/; Governor Tom Wolf's Proclamation of Disaster Emergency (March 6, 2020), *available at* https://www.governor.pa.gov/wp-content/uploads/2020/03/20200306-COVID19-Digital-Proclamation.pdf.

[3] *See* Coronavirus Disease (COVID-19) Situation Dashboard, World Health Organization, https://who.sprinklr.com/ (last visited May 10, 2020).

situation, and the extreme health risks associated with COVID-19, the Court will address the motion for pretrial release.

      B.    CONDITIONS AT PIKE COUNTY CORRECTIONAL FACILITY

Attached to the Government's brief in opposition (Doc. 55) are the preventative actions taken by Pike County Correctional Facility in response to the COVID-19 pandemic. (Doc. 55-2). Specifically, the prison implemented an action plan including compliance with all CDC guidance (Doc. 55-1), an aggressive sanitization program, and setting aside two housing units if quarantine becomes necessary. Upon reports of positive tests for the virus within the facility, the inmates were informed and placed on lockdown. All new intakes and all staff members have their temperature taken upon entry to the facility. Additional measures to mitigate the potential for spread of COVID-19 inside the facility, and for the protection of inmates and staff, include the suspension of all visitation except for attorney visits. (Doc. 55-2).

A report to this Court by the United States Marshal Service states that as of May 11, 2020, Pike County Correctional Facility had 69 positive cases of the COVID-19 virus, including 25 staff, 2 USMS detainee (presumably not Golom), 18 Immigration and Customs Enforcement detainees, and 24 local detainees. Two of the local detainees passed away. The facility is on lockdown status.

      C.    RELEASE PENDING SENTENCING PURSUANT TO 18 U.S.C. § 3145(C)

Golom moves for release pursuant to 18 U.S.C. § 3142(i) and § 3145(c). 18 U.S.C. § 3142(i) allows for "temporary release, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." That basis

for release, however, applies to *pre-trial* detainees – 18 U.S.C. § 3142 is the section of the Code addressing release or detention of a defendant pending trial. Once a defendant has entered a guilty plea, he is awaiting sentencing, and his release or detention is considered under 18 U.S.C. § 3143. *United States v. Hartsell*, 3:19-CR-14(02), 2020 WL 1482175, at *1 (N.D. Ind. Mar. 25, 2020); *United States v. Felix*, 5:19CR711, 2020 WL 1677494, at *2 (N.D. Ohio Apr. 6, 2020) (release pending sentencing is governed by 18 U.S.C. § 3143, which requires that a court detain a person found guilty of certain felony crimes pending sentencing, absent certain narrow exceptions); *United States v. Rollins*, 19-CR-34S, 11-CR-251S, 2020 WL 1482323, at n.1 (W.D.N.Y. Mar. 27, 2020) (§ 3142(i) does not apply to individuals seeking release pending sentencing due to COVID-19).

Golom is detained pending sentencing pursuant 18 U.S.C. § 3143(a)(2), which mandates detention if a defendant is convicted of a crime of violence or a violation of 18 U.S.C. § 1591. *See* 18 U.S.C. §§ 3142(f)(1)(A); 3143(a)(2). Pursuant to § 3143(a)(2), detention is mandatory unless (1) there is "a substantial likelihood that a motion for acquittal or new trial will be granted" or "the Government has recommended that no sentence of imprisonment be imposed" and (2) the Court "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community."

A defendant subject to detention pursuant to section 3143(a)(2) ... and who meets the conditions of release set forth in section 3143(a)(1)[4] may be ordered released, under

---

[4] Per § 3143(a)(1) a "judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence ... be detained, unless

4

appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate. 18 U.S.C. § 3145(c). "Exceptional" is something out of the ordinary that distinguishes the defendant's situation from that of other defendants subject to mandatory presentence detention. *United States v. Ortiz*, 1:18-CR-00134, 2020 WL 1904478, at *5 (M.D. Pa. Apr. 17, 2020); citing *United States v. Smith*, 34 F.Supp.3d 541, 553–54 (W.D. Pa. 2014) (internal citations omitted). The defendant carries the burden of establishing why detention is not appropriate. *Smith*, 24 F.Supp.3d at 551-52.

Golom submits that he should be released because the COVID-19 pandemic is an exceptional reason which renders his detention not appropriate, and that his lengthy medical history puts him at a significant risk of suffering severe complications if he contracts the virus. His medical history includes diabetes, high cholesterol, lymphoma, a prior stroke, Dandy-Walker's syndrome, heart issues including a surgery for a cardiac catheterization, hypertension, and a surgery to remove a tumor on his neck.

Golom's risk of exposure to COVID-19 at the Pike County Correctional Facility is not an exceptional circumstance warranting his release. "As serious as it is, the outbreak of COVID-19 simply does not override the statutory detention provisions.... In the absence of evidence demonstrating a change in circumstances concerning [the defendant's] status as a

---

[a] judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under § 3142(b) or (c)," and if a "judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with § 3142(b) or (c)." 18 U.S.C. § 3143(a)(1).

flight risk and danger to another person or the community, detention pending sentence must be maintained." *United States v. Rollins*, 2020 WL 1482323, at *2 (W.D.N.Y. Mar. 27, 2020). Nothing about Golom's circumstances has changed to override the presumption of detention under § 3143(a)(2). Nothing about the COVID-19 pandemic reduces the defendant's danger to others. *United States v. Johnson*, 4:17-CR-256-2, 2020 WL 1939588, at *6 (M.D. Pa. Apr. 22, 2020). In considering a motion to continue a self-surrender date in light of the COVID-19 pandemic, the Third Circuit held that "the existence of a widespread health risk is not, without more, a sufficient reason for every individual subject to a properly imposed federal sentence of imprisonment to avoid or substantially delay reporting for that sentence," and stating that it is "imperative" that the courts "continue to carefully and impartially apply the proper legal standards that govern each individual's particular request for relief. *United States v. Roeder*, 20-1682, 2020 WL 1545872, at *3 (3d Cir. April 1, 2020). In the context of reviewing a motion for compassionate release, the Circuit noted "… the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 20-1033, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020).

Even considering Golom's health issues, which may put him at increased risk for COVID-19, his assertion of that risk is speculative, and there is nothing in the record before the Court that reflects he is not receiving necessary treatment for his conditions while in the Pike County Correctional Facility, or that the prison is not taking steps to mitigate his risk for infection. A defendant should not be entitled to release based solely on generalized COVID-19 fears and speculation. *See United States v. West*, 2020 WL 1638840, at *2 (D. Md. Apr. 2, 2020) (denying motion for pretrial release where defendant tested positive for COVID-19,

holding that he is receiving medical care in jail, he has no plan for medical care should he be released, and that there is no evidence that medical care he might receive in the community is better than that which he is receiving in prison, without continuing to be a threat to the safety of others); *United States v. Boatwright*, 2020 WL 1639855, at *8 (D. Nev. Apr. 2, 2020) (denying motion for temporary release pursuant to § 3142(i)); *see also Raia*, 2020 WL 1647922, at *2. Further, the Pike County Correctional Facility has taken steps to mitigate the risk of infection and treat those individuals, both staff and inmates, who are at risk of infection, exhibit symptoms of infection, or actually test positive for infection. *See United States v. Cook*, 3:16-CR-00312, 2020 WL 1939612 (M.D. Pa. Apr. 22, 2020) (denying motion for pretrial release where defendant detained at Pike County Correctional facility tested positive for COVID-19 but was receiving treatment, and there was no evidence that he might receive better medical care in the community without continuing to be a threat to the safety of others). For all these reasons, Golom fails to establish exceptional circumstances that warrant his release under 18 U.S.C. § 3145(c).

      D.     V<span style="font-variant:small-caps">IOLATION OF</span> E<span style="font-variant:small-caps">IGHTH</span> A<span style="font-variant:small-caps">MENDMENT</span> R<span style="font-variant:small-caps">IGHTS</span>

Finally, Golom submits that release is warranted as his continued confinement while exposed to COVID-19 may violate the Eighth Amendment's prohibition against cruel and unusual punishment. In making this argument, Golom relies on the Supreme Court's decision in *Helling v McKinney*, 509 U.S. 25 (1993), in which the Court found that the plaintiff, who was assigned to a cell with a smoker, stated a cause of action under the Eighth Amendment, as his exposure to tobacco smoke posed an unreasonable risk of serious damage to his future health.

The Eighth Amendment "was designed to protect those convicted of crimes and consequently the Clause applies only after the State has complied with constitutional guarantees traditionally associated with criminal prosecutions." *Hubbard v. Taylor*, 399 F.3d 150, 164 (3d Cir. 2005); quoting *Whitley v. Albers*, 475 U.S. 312, 318 (1986) (citation and internal quotations omitted). The Third Circuit has held that Eighth Amendment "protections do not attach until after conviction and sentence." *Hubbard*, 399 F.3d at 164; quoting *Graham v. Connor*, 490 U.S. 386, 392 n. 6 (1989). Thus, a federal inmate awaiting sentencing must look to the Due Process Clause of the Fifth Amendment.[5] *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012); *see Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Fuentes v. Wagner*, 206 F.3d 335, 341–42 (3d Cir.2000). The Due Process Clause of the Fifth Amendment protects pretrial

---

[5] The Supreme Court has not directly addressed the question of which standard applies to an excessive-force claim of a detainee who has been convicted but not sentenced, and the circuits are divided. *See Fisherman v. McGriff*, 17-CV-2320 (PJS/ECW), 2020 WL 1330176, at *2 (D. Minn. Mar. 23, 2020) (comparing *Berry v. City of Muskogee*, 900 F.2d 1489, 1493 (10th Cir. 1990) ("We see no reason to treat incarcerated persons whose guilt has been adjudicated formally but who await sentencing like pretrial detainees, who are detained primarily to ensure their presence at trial and who cannot be punished."), *with Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012) ("The Cruel and Unusual Punishments Clause, however, does not apply until an inmate has been both convicted of and sentenced for his crimes."), *and Lewis v. Downey*, 581 F.3d 467, 474 (7th Cir. 2009) (Fourteenth Amendment applies to excessive-force claim of inmate awaiting sentencing because " 'the State does not acquire the power to punish with which the Eighth Amendment is concerned' " until defendant is both convicted and sentenced (quoting *Ingraham v. Wright*, 430 U.S. 651, 671 n.40 (1977)); *Manley v. Grossman*, 13-CV-1974 (KMK), 2017 WL 4326541, at *8 (S.D.N.Y. Sept. 27, 2017) (excessive-force claims brought by inmates awaiting sentencing are governed by Eighth Amendment), *and Taylor v. San Bernardino Cty. Sheriff's Dep't*, No. EDCV 14-1190-AG (JEM), 2017 WL 2789502, at *5 (C.D. Cal. Mar. 31, 2017), *Report and Recommendation adopted*, 2017 WL 2784832 (C.D. Cal. June 27, 2017) (same), *with Pitts v. Espinda*, No. 15-0483 (JMS/BMK), 2016 WL 475137, at *5 (D. Haw. Feb. 8, 2016) ("The Eighth Amendment's prohibition against the malicious or sadistic use of force does not apply 'until after conviction and sentence.'" (quoting *Graham v. Connor*, 490 U.S. 386, 392 n.6 (1989))).

detainees from prison conditions that amount to punishment. *Bell*, 441 U.S. at 535 (1979). "Under *Bell*, a 'particular measure amounts to punishment when there is a showing of express intent to punish on the part of detention facility officials, when the restriction or condition is not rationally related to a legitimate non-punitive government purpose, or when the restriction is excessive in light of that purpose.'" *United States v. Stevens*, CR 19-350-02, 2020 WL 1888968, at *5 (E.D. Pa. Apr. 16, 2020); quoting *Bistrian*, 696 F.3d at 373.

Golom's detention at the Pike County Correctional Facility and the risk associated with COVID-19 are not excessive in relation to the Government's legitimate purpose of protecting the community and securing his appearance at sentencing, the bases of the mandatory detention requirement of 18 U.S.C. § 3142(a)(2). *Stevens*, 2020 WL 1888968, at *5; *see also United States v. Cox*, 2020 WL 1491180, at *6 (D. Nev. Mar. 27, 2020) (finding no Fifth Amendment violation in detaining defendant prior to trial under the Bail Reform Act despite COVID-19 health risks); *United States v. Boone*, No. 2:16-CR-00020-TLN, 2020 WL 1865202, at *3 (E.D. Cal. Apr. 14, 2020) (finding no Fifth Amendment violation in detaining defendant prior to sentencing under the Bail Reform Act despite COVID-19 health risks).

Golom makes only a generic argument that his conditions of confinement run afoul of his Constitutional rights. He makes neither a compelling case of a constitutionally cognizable deprivation nor demonstrates that the Pike County Correctional Facility is being deliberately indifferent to the needs and circumstances of the people who are in its custody. He has not established that the conditions at the facility are "arbitrary or purposeless." *See Bell,* 441 U.S. at 539. Golom has not shown that the facility and authorities are unable or unwilling to address COVID-19, or that he is not being treated for any medical issues. *See Boatwright*, 2020 WL 1639855, at *6–7 (rejecting general Fifth Amendment arguments that applied equally to

any detainee, and noting that the prison was taking reasonable recommended precautions); *United States v. Lee*, 2020 WL 1541049, at *5 (D.D.C. March 30, 2020) (rejecting Fifth Amendment arguments in light of aggressive precautions being taken by the prison to prevent the spread of COVID-19); *United States v. Villegas*, No. 2:19-cr-568-AB, 2020 WL 1649520, at *2–3 (C.D. Cal. Apr. 3, 2020)(finding no evidence of arbitrary and punitive intent where the Bureau of Prisons was responding to prevent infectious outbreak, protect inmate health, and preserve internal order); *United States v. Moran*, No. SAG-19-0585, 2020 WL 1663366, at *2 (D. Md. Apr. 3, 2020) (noting that while detention during a pandemic was not optimal, the measures taken by the prison facility were reasonable under the circumstances, so the defendant's allegations did not rise to the level of a constitutional violation); *see also Boone*, 2020 WL 1865202, at *3; *Peterson v. Diaz*, No. 2:19-cv-01480-WBS-GGH, 2020 WL 1640008, *2 (E.D. Cal. Apr. 2, 2020). Indeed, the evidence before the Court shows that the facility is complying with guidelines set forth by the Center for Disease Control and taking steps and precautions to mitigate and control the virus at the facility. *See United States v. Robert Leake*, 19-CR-194 (KBJ), 2020 WL 1905150, at *5 (D.D.C. Apr. 17, 2020). District Courts throughout the country have rejected Constitutional challenges to pretrial detention based on general concerns over the COVID-19 pandemic. *United States v. Hernandez*, 3:19-CR-346-K, 2020 WL 1876102, at *5 (N.D. Tex. Apr. 14, 2020) (collecting cases).

Based on the information before the Court, the Court finds Defendant's conditions of confinement are reasonably related to legitimate government interests. For these reasons, the Court finds that Defendant's constitutional argument fails.

III.    **C**ONCLUSION

While the Court is sympathetic to the concerns regarding the spread of COVID-19, and recognizes the potential for Golom's exposure to the virus while at the Pike County Correctional Facility, that potential exists anywhere in the community. The facility has taken steps to minimize infection. With no evidence that the facility is not providing appropriate medical care, or is unable to do so, the Court is not persuaded that Golom should be released pending sentencing. As such, his motion (Doc. 49) is **DENIED**.

An appropriate Order will follow.

**Dated: May 12, 2020**　　　　　　　　　　　　　　　*s/ Karoline Mehalchick*
　　　　　　　　　　　　　　　　　　　　　　　　　　**KAROLINE MEHALCHICK**
　　　　　　　　　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**